IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1095

Filed 1 October 2024

New Hanover County, No. 20 CRS 59245

STATE OF NORTH CAROLINA

       v.

ISAIAH JEROME WASHINGTON

Appeal by defendant from judgment entered 19 April 2023 by Judge Phyllis M. Gorham in New Hanover County Superior Court. Heard in the Court of Appeals 12 June 2024.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Lisa B. Finkelstein, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Wyatt Orsbon, for defendant-appellant.*

THOMPSON, Judge.

Defendant appeals from a judgment entered upon a jury's verdict finding defendant guilty of violating a domestic violence protective order. On appeal, defendant argues that the trial court erred by denying his motion to dismiss. After careful review, we affirm.

## I.     Factual Background and Procedural History

Isaiah Washington (defendant) was married to M.A. from 2012 to 2019. At the time of their marriage, M.A. had two daughters from a prior relationship, K.H. and

S.H., who were ten and eight years old, respectively, when their mother married defendant. Ultimately, M.A. and defendant separated in October 2019; in March 2020, M.A. applied for a domestic violence protective order (DVPO) against defendant. Defendant consented to the DVPO and by order entered 6 March 2020, a DVPO was entered in New Hanover County District Court. The DVPO required, *inter alia*, that, "defendant shall not threaten a member of [plaintiff]'s family or household" and that he "stay away" from plaintiff.

Approximately nine months later, on 15 December 2020, defendant entered the restaurant where K.H. had worked for approximately four months. Defendant testified that upon entering the restaurant, he recognized K.H., had a "fight or flight moment[,]" and, according to testimony offered at trial, "immediately turned at [K.H.] and started yelling." Upon identifying defendant, K.H. retreated to the back of the restaurant and notified her manager of defendant's presence. The manager, who was aware of the DVPO against defendant, instructed defendant to leave the restaurant, which defendant did. While leaving the premises, however, defendant identified a vehicle in the parking lot that he believed belonged to K.H.[1] and put a polaroid photograph, which K.H. testified was missing from her mother's drawer, on the windshield of the vehicle.

Later that day, 15 December 2020, a warrant was issued for defendant's arrest

---

[1] The vehicle in question was a blue Volkswagen "Bug," which doubles as K.H.'s family nickname, "[K.H.] Bug."

for the alleged violation of the March 2020 DVPO. The matter came on for trial on 19 April 2023 in New Hanover County Superior Court. That same day, a jury unanimously found defendant guilty of violating the DVPO, and the trial court sentenced defendant to seventy-five days of confinement in response to violation (CRV) and eighteen months of supervised probation. Defendant entered oral notice of appeal in open court.

## II. Discussion

On appeal, defendant contends that the trial court "erred by not dismissing the charge of violating a DVPO" because there was not "substantial evidence [defendant] went to the [restaurant] knowing K.H. worked there . . . ." We do not agree.

### A. Standard of review

A trial court's denial of a motion to dismiss due to insufficiency of the evidence "presents a question of law and is reviewed *de novo* on appeal." *State v. Norton*, 213 N.C. App. 75, 78, 712 S.E.2d 387, 390 (2011). "The Court must consider the evidence *in the light most favorable to the State* and the State is entitled to *every reasonable inference* to be drawn from that evidence." *State v. Williams*, 226 N.C. App. 393, 406, 741 S.E.2d 9, 19 (2013) (emphases added).

### B. Motion to dismiss

"A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of [the] defendant[ ] being the perpetrator of the charged offense." *Id.* "Substantial evidence

is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* The elements of an offense pursuant to N.C. Gen. Stat. § 50B–4.1 are: "(1) there was a valid domestic violence protective order, (2) the defendant violated that order, and (3) did so knowingly." *Id.* "The word knowingly means that defendant knew what he was about to do, and, with such knowledge, proceeded to do the act charged." *Id.* at 399, 741 S.E.2d at 14 (internal quotation marks, ellipsis, and citation omitted).

Defendant's argument rests heavily on our Court's analysis in *State v. Williams*; we find it worthwhile to distinguish the factual circumstances of *Williams* from the present case. In *Williams*, the defendant was charged with violating a DVPO that ordered him to "stay away" from, *inter alia*, "the place where the plaintiff works . . . ." *Id.* at 407, 741 S.E.2d at 20. The defendant argued that the State had not presented sufficient evidence to demonstrate that he had knowledge that the protected person worked at a salon in a public mall. *Id.* at 406, 741 S.E.2d at 19.

Our Court agreed, noting that the defendant "was seen walking in the parking structure of a public mall at some unknown distance from the salon where [the protected person] was working on the night in question." *Id.* at 410, 741 S.E.2d at 21. The court reasoned that the State had not presented evidence that the defendant "was in a location that would permit him to harass, communicate with, follow, or even observe [the protected person] at her salon, which might reasonably constitute a failure to 'stay away' from her place of work." *Id.* Our Court concluded that, "there

was no evidence that defendant was aware that [the protected person] worked at the salon, or that he otherwise knew that he was supposed to stay away from [the public mall]" and that "[t]his case is not one where the State presented evidence from which it could be reasonably inferred that [the] defendant was aware that a protected party was present and working at that location." *Id.*

In the present case, however, considering the evidence in the light most favorable to the State and resolving every reasonable inference to be drawn from that evidence in favor of the State, we conclude that the trial court did not err in denying defendant's motion to dismiss due to insufficiency of the evidence. Unlike in *Williams*, the State presented security footage of defendant "in a location that would permit him to harass, communicate with, follow, or even observe [K.H.] at her" place of employment, a small restaurant, familiar and beloved to communities across the South. *Id.* In fact, defendant did *actually* observe, communicate with, and allegedly, harass, K.H.

The State also proffered testimony evidence that defendant, upon identifying K.H. at her place of employment, yelled something at K.H. Even assuming, *arguendo*, that defendant did not speak to K.H. upon entering her place of employment, after defendant had identified her in the restaurant, and after being instructed to leave, defendant proceeded to place a photograph on K.H.'s vehicle, a clear violation of the DVPO that required he have "no contact" with K.H.

Consequently, we conclude that the trial court did not err in denying

defendant's motion to dismiss for insufficiency of the evidence, because, after resolving every reasonable inference to be drawn from the evidence in the State's favor, we are satisfied that there was sufficient evidence from which a jury could, and did, conclude that defendant knowingly violated a valid DVPO when he "made contact" with K.H. at her place of employment.

### III.   Conclusion

We conclude that the trial court did not err in denying defendant's motion to dismiss due to insufficiency of the evidence. The State presented evidence which, when viewed in the light most favorable to the State, demonstrated that defendant knowingly violated the lawful DVPO. For the aforementioned reason, we discern no error in the judgment of the trial court.

NO ERROR.

CHIEF JUDGE DILLON and JUDGE GORE concur.